# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEAN MOSTOFI,<br><br>                 Plaintiff,<br><br>                 v.<br><br>NETWORK CAPITAL FUNDING CORP.,<br><br>                 Defendant. | Civil Action 11-00716 (HHK) |

## MEMORANDUM OPINION

Plaintiff Dean Mostofi brought this action against Network Capital Funding Corporation in the Superior Court for the District of Columbia, alleging that Network, a mortgage company, engages in unfair and deceptive trade practices in violation of the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. CODE § 28-3901 *et seq*. On April 12, 2011, Network removed the case to this Court. *See* Notice of Removal [#1]. Before the Court is Mostofi's motion for remand [#5], which argues that this case does not satisfy the amount-in-controversy requirement of federal diversity jurisdiction. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion must be granted.

## I. BACKGROUND

Mostofi brings this suit under the "private attorney general" provision of the CPPA, which provides that "[a] person, whether acting for the interests of itself, its members, or the general public may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of the law of

the District of Columbia." D.C. CODE § 28-3905(k)(1). He alleges that Network engages in unlawful bait-and-switch practices by advertising low mortgage interest rates and then forcing customers to complete a full loan application before disclosing the interest rate that will apply in their individual cases (which is much higher). Compl. ¶ 2. His complaint seeks actual, statutory, and punitive damages, the disgorgement of all money that Network acquired by its unlawful practices, and an injunction barring Network from continuing those practices. Compl. ¶ 82.

## II. ANALYSIS

### A. Network Has Not Established the Amount in Controversy

At issue here is whether this case satisfies the amount-in-controversy component of federal diversity jurisdiction, which requires that "the matter in controversy exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a); *see id*. § 1441(a) (allowing removal of actions over which the district courts have original jurisdiction).[1] Normally, each individual plaintiff must present a claim or claims exceeding this amount; that is, multiple plaintiffs' claims usually cannot be aggregated to satisfy the amount-in-controversy requirement. *See Snyder v. Harris*, 394 U.S. 332, 335 (1969). The Supreme Court has, however, recognized an exception to that rule where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Id*.

Here, Mostofi's complaint expressly states that "[n]either Mostofi" — who is the only plaintiff — "nor any consumer seeks damages exceeding $74,000.00 in sum total." Compl. ¶ 81. Network nevertheless contends that removal was proper (and remand is improper) because a

---

[1] The parties' diversity of citizenship is undisputed.

claim that seeks the disgorgement of funds, as Mostofi's does, qualifies for the exception recognized in *Snyder*. Mostofi responds that such aggregation is not permissible in CPPA cases, and further that his suit seeks the restitution of payments to individual plaintiffs and not a mass disgorgement of funds that would fit within the *Snyder* exception.

The Court does not agree with Mostofi that CPPA claims can never be aggregated. On the contrary, case law in this district suggests that CPPA claims seeking the disgorgement of funds *can* be aggregated to satisfy the amount-in-controversy requirement. *Compare Williams v. Purdue Pharma Co.*, 2003 WL 24259557, at *5 (D.D.C. Feb. 27, 2003) (holding that the plaintiffs' complaint, which sought the refund of all monies unlawfully acquired by the defendant, presented an aggregable claim for disgorgement that satisfied the amount-in-controversy requirement), *with Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1, 2 (D.D.C. 2004) (holding that the amount in controversy had not been established where the complaint sought "damages for individual consumers, *not disgorgement*" (emphasis added)).[2] Nevertheless, remand is necessary here because Network has not established that Mostofi's disgorgement claim, even if aggregable, exceeds the sum or value of $75,000.[3]

Where a state- or local-court complaint seeks an unspecified amount of damages, the defendant must, to justify removal to federal court, establish the amount in controversy by a

---

[2] *See also Aetna U.S. Healthcare Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 40–42 (D.D.C. 1999) (holding that a disgorgement claim could be aggregated to satisfy the amount-in-controversy requirement in a case brought under the D.C. Restraint of Trade Act, D.C. CODE § 28-4501 *et seq.*).

[3] Because Network has not made that showing, the Court need not determine whether Mostofi's complaint actually seeks a mass disgorgement or whether, as he contends, it merely seeks restitution payments to individual consumers.

3

preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Williams*, 2003 WL 24259557, at *5. And the Court, in determining whether the defendant has done so, considers the value of the claim as of the date of removal. *Everett*, 460 F.3d at 822. Thus, Network must show that as of April 12, 2011, Mostofi's putative disgorgement claim exceeded $75,000. It cannot do so.

Network's opposition brief states that at the time of removal Network "had received revenues in excess of $65,000 from transactions with District of Columbia residents." Def.'s Opp'n to Pl.'s Mot. for Remand ("Def.'s Opp'n") at 2. That figure, however, is not supported by Network's affidavit, which addresses only its revenues as of May 18, over a month after removal. *See* Def.'s Opp'n Ex. A ¶ 2 (stating that Network had generated $99,352.03 from District transactions as of May 18, 2011). Thus, Network's $65,000 figure is simply an unsworn averment by Network's counsel. Moreover, while Network asserts that Mostofi's complaint "seeks the disgorgement of all revenue Network obtains from transactions in the District of Columbia," Def.'s Opp'n at 2, the complaint actually seeks all funds that Network has "acquired by means of its unlawful trade practices." Compl. ¶ 82(6). Thus, for the entirety of Network's unsubstantiated $65,000 figure to count toward the amount in controversy, Network would have to show that every penny it had earned from transactions with District residents as of April 12 is attributable to its alleged unlawful trade practices. It makes no effort to do so.

In any event, $65,000 is of course $10,000.01 shy of the jurisdictional amount. *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (a claim for exactly $75,000.00 does not satisfy the amount-in-controversy requirement). Network attempts to close this gap by adding to $65,000 the statutory damage amount ($1,500) for each of the numerous

CPPA violations that Mostofi's complaint alleges. But Network offers no support for its assertion that, where aggregation is allowed, "components of plaintiffs' individual claims are to be aggregated along with the value of the disgorgement claim." Def.'s Opp'n at 2. Indeed, that position is contrary to the Supreme Court's holding in *Snyder* that multiple-plaintiff aggregation is only permissible where "two or more plaintiffs unite to enforce *a single title or right in which they have a common and undivided interest*." 394 U.S. at 335 (emphasis added). Multiple plaintiffs do not have a "common and undivided interest" in each others' individual claims, nor do those claims create "a single title or right." *See Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) ("[C]ase law . . . establishes clearly that actual and statutory damages should *not* be aggregated in representative actions like [CPPA cases]."). And here, the actual and statutory damages that Mostofi seeks under the CPPA are unquestionably individual. *See id.*; *Reigner*, 461 F. Supp. 2d at 2 (explaining that actual and statutory damages under the CPPA are paid to the individual consumer). Thus, the Court cannot combine Mostofi's putative mass disgorgement claim with his individual CPPA claims.

In sum: Network's unsubstantiated assertions are insufficient to establish that this action meets the amount-in-controversy requirement. Network provides no basis for its calculations, nor for its assertion that Mostofi's disgorgement claim can be combined with his individual damages claims. Further, for reasons of federalism and comity, "any doubts about the existence of subject matter jurisdiction are to be resolved in favor of remand." *District of Columbia v. 2626 Naylor Road, S.E., Wash., D.C. 20020*, 763 F. Supp. 2d 5, 7 (D.D.C. 2011) (citing *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C. 2009)). Accordingly, the Court will remand this action to the Superior Court for the District of Columbia.

### B. Attorney Fees

Mostofi asks the Court to award him attorney fees for his time spent resisting removal. *See* 28 U.S.C. § 1447(c) (a district court "may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal"). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the Court does not believe that removal was objectively unreasonable. Network's argument that disgorgement claims in CPPA actions can be aggregated is supported by case law in this district. *Cf. Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (declining to grant attorney fees to the plaintiff where removal "was not contrary to well-settled law or binding authority"). Further, the Court believes that Network's reading of Mostofi's complaint as presenting an aggregable disgorgement claim is reasonable. Network simply failed to bolster its legal arguments with a factual showing sufficient to confer jurisdiction. Accordingly, Mostofi's request for attorney fees will be denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this action to the Superior Court for the District of Columbia [#5] will be granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge